1  Joseph E. Porter III (SBN 51350)
   206 3rd Street
2  Seal Beach, California 90740
   Telephone: (562) 493-3940
3  Facsimile: (562) 493-3670

4  Harry E. Douglas IV (SBN 136877)
   LAW OFFICES OF HARRY E. DOUGLAS IV
5  5482 Wilshire Boulevard
   Suite 1600
6  Los Angeles, California 90036
   Telephone: (213) 537-5070
7  Facsimile: (213) 927-3660

8

9  Attorneys for Plaintiffs,
   Edward Theodore Riley p/k/a Teddy Riley and
10 Adida Music, Inc., a corporation

11                UNITED STATES DISTRICT COURT

12                CENTRAL DISTRICT OF CALIFORNIA

13

14 EDWARD THEODORE RILEY P/K/A      ) CASE No. CV13-00158-SS
   TEDDY RILEY, an individual,       )
15 ADIDA MUSIC, INC., a corporation )
                                     ) COMPLAINT FOR:
16       Plaintiff,                  )
                                     )   1. COPYRIGHT INFRINGEMENT;
17       vs.                         )   2. COPYRIGHT FRAUD;
                                     )   3. UNFAIR COMPETITION (Cal.
18 TAJA RILEY, an individual, EMI    )      Bus.& Prof Code §17200);
   MUSIC PUBLISHING, a corporation;  )   4. ACCOUNTING.
19 EMI VIRGIN MUSIC, INC., a         )
   Delaware corporation; SONY/ATV    )
20 MUSIC PUBLISHING LLC, a limited   )
   liability company; and SONY/ATV   ) DEMAND FOR JURY TRIAL
21 MUSIC PUBLISHING ACQUISITION,     )
   INC., a Delaware corporation,     )
22 and DOES 1 through 10,            )
   inclusive,                        )
23                                   )
         Defendants.                 )
24 _____    )

25

26     Plaintiffs, EDWARD THEODORE RILEY P/K/A TEDDY RILEY, an

27 individual(hereinafter "Teddy Riley"), and Adida Music, Inc., a

28

                                -1-
_____
                            COMPLAINT

1  corporation (hereinafter "Adida"), complain, aver, and allege as
2  follows:

3  PARTIES

4  1.  Plaintiff, Edward Theodore Riley p/k/a Teddy Riley, is an
5  individual, and a resident in the state of Georgia.
6  2.  Plaintiff, Adida Music, Inc. is a corporation organized and
7  existing in the State of Georgia, and is solely owned by plaintiff
8  Teddy Riley.
9  3.  Defendant, Taja Riley, is an individual, resident in the
10 County of Los Angeles, State of California, and is the daughter of
11 Plaintiff, Teddy Riley.
12 4.  Defendant, EMI Music Publishing, is an entity of unknown
13 form with offices in the County of Los Angeles, State of
14 California.
15 5.  Defendant, EMI Virgin Music, Inc., is a Delaware
16 corporation, admitted and authorized to conduct business in the
17 state of California, and with offices in the County of Los
18 Angeles, State of California (Collectively, EMI Music Publishing
19 and EMI Virgin Music, Inc. shall be referred to as the "EMI
20 Defendants").
21 6. Defendant, Sony/ATV Music Publishing, LLC, is a limited
22 liability company admitted and authorized to conduct business in
23 the State of California, and with offices in the County of Los
24 Angeles, State of California.
25 7. Defendant, Sony/ATV Music Publishing Acquisition, Inc., is a
26 Delaware corporation, admitted and authorized to conduct business
27 in the State of California, and with offices in the County of Los
28 Angeles, State of California. Defendant, Sony/ATV Music

Publishing Acquistion, Inc. is the successor in interest to all right, title, interest and claims of right held by the EMI Defendants. (Collectively, Sony/ATV Music Publishing, LLC and Sony/ATV Music Publishing Acquisition, Inc. shall be called the "Sony/ATV Defendants")

## JURISDICTION AND VENUE

8. Plaintiffs, Teddy Riley and Adida, allege that jurisdiction in this court is proper under 28 U.S.C. §1338(a), as it is an action arising under Acts of Congress relating to copyrights namely, the Copyright Act of 1976, 17 U.S.C. §101 et seq. This Court has pendant jurisdiction over the claims arising under state law pursuant to 28 U.S.C. §1338(b).

9. Venue is proper in this district pursuant to 28 U.S.C. §1400(a) and 1391 (b) and (c), as the Defendant, Taja Riley is in an individual resident in the District, and the EMI Defendants and the Sony/ATV Defendants are subject to personal jurisdiction in this district, and are therefore deemed to reside here for purposes of venue.

## FACTUAL BACKGROUND

10. Plaintiff, Teddy Riley, is an internationally renowned Grammy Award winning singer, songwriter, musician, and record producer credited with the creation of the genre of music known as "New Jack Swing". Plaintiff, Teddy Riley has been called upon to write and produce songs for such varied recording artists as the late Michael Jackson, Lady Gaga, Usher, Snoop Dogg, The Jacksons, Keith Sweat, MC Hammer, Big Daddy Kane, Dougie Fresh, Johnny Kemp, James Ingram, and the Winans. He is also the founder of two multi-platinum selling recording groups; Guy and Blackstreet.

-3-

**COMPLAINT**

11. Plaintiff, Adida Music Publishing, Inc, is the music publishing company, solely owned by Teddy Riley that Teddy Riley uses to license and administer the rights to his musical compositions.

12. Plaintiff, Teddy Riley alleges that on or about June 30, 2009, he was contacted by the representatives of recording artist, Lady Gaga, and advised that Lady Gaga desired to work with Teddy Riley in the creation of a new song for her forthcoming album, which was ultimately entitled Fame Monster.

13. Plaintiff, Teddy Riley alleges that during the discussions in June 2009, he was advised by the representatives of Lady Gaga that consistent with her normal creative process, she would develop an idea for the song, share it with plaintiff Teddy Riley, and he was continue to collaborate with her in the development and production.

14. On or about September 26, 2009, Lady Gaga shared with Plaintiff, Teddy Riley, her concept for the musical composition, and requested that he continue with the creation of the composition and production based on her vision. The song, initially entitled "Show Me Your Teeth" was ultimately released on the Fame Monster album under the title "Teeth" ("The Song").

15. Plaintiff, Teddy Riley alleges that the first recording session of The Song commenced at approximately 7:00 a.m. on September 29, 2009, and production was completed the same day. The music for The Song (exclusive of a sample from Peter Bender) was written exclusively by plaintiff, Teddy Riley, and the lyrics for The Song were written exclusively by Lady Gaga.

16. Plaintiff Teddy Riley alleges that Defendant, Taja Riley is his daughter and was desirous of starting her own career in the music and entertainment business.

17. Plaintiff further alleges that Taja Riley was aware that Plaintiff Teddy Riley, had granted a gift of songwriting credit to her older sister Deja Riley, in an attempt to assist Deja Riley in starting her career in the music industry.

18. Plaintiff Teddy Riley further alleges that after completion of the song, and its selection for inclusion as a track on Lady Gaga's album, he and Taja had a discussion about whether he would be willing to similarly gift a songwriting credit to Taja Riley to assist her in starting her musical and entertainment career as well. Plaintiff is informed and believes and thereon alleges that during this discussion, Taja Riley first became aware of the song, and formulated an intent to obtain credit for herself as a songwriter of The Song.

19. Plaintiff, Teddy Riley, alleges upon information and belief that in or about late 2010, or early 2011, Taja Riley entered into an agreement with Defendants, EMI Music Publishing and EMI Virgin Music, Inc. pursuant to which she claimed co-writing credit and ownership of twenty-five (25%) percent of The Song. Plaintiff, Teddy Riley alleges that the representations made by Taja Riley as to participation in the creation of the composition, authorship, and ownership are all false and untrue and that Defendant Taja Riley did not participate in any way in the creation of the composition, and did not own any rights whatsoever to The Song.

20. Plaintiffs further allege that no individual or representative of the EMI Defendants ever contacted plaintiff Teddy Riley, or any representative of Adida to ascertain whether Defendant Taja Riley's representations were true with respect to The Song.

21. Plaintiffs further allege upon information and belief that the EMI Defendants have attempted to transfer, assign, convey, and/or sell all right, title and interest in The Song to the Sony/ATV Defendants.

## FIRST CAUSE OF ACTION

(Copyright Infringement against All Defendants

22. Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 21, inclusive, of the Complaint as though set forth in full.

23. Plaintiff Teddy Riley and non-parties to this action, Lady Gaga and Peter Bennder, are the sole owners and authors of that certain musical composition known as "Teeth".

24. Complainant Teddy Riley, by and through complainant, Adida, holds a copyright registration, or has applied for a copyright registration in and to the composition known as "Teeth".

25. Without authorization, Defendant Taja Riley, the EMI Defendants, and the Sony/ATV Defendants distributed the composition, Teeth, copyright registration number PA 0001751976 with a false attribution of authorship and ownership, indicating that Taja Riley, who had no part in the creation or ownership of such composition was a co-author and co-owner of such composition.

26. Defendants, and each of them, infringed upon the copyright of Complainant Teddy Riley, by copying, reproducing,

-6-

distributing, and publicly performing the composition "Teeth" without proper attribution of the creator of such composition, and without proper authorization for such copying, reproduction, distribution, and public performances.

27. Defendants, and each of them, knew their acts constituted copyright infringement.

28. The conduct of Defendants, and each of them, was willful within the meaning of the Copyright Act.

29. As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill.

30. Plaintiff is entitled to recover damages, which include its losses and any and all profits Defendants have made as a result of its wrongful conduct. 17 U.S.C. § 504. Alternatively, Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c).

31. In addition, because Defendants' infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

32. Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION

(FRAUDULENT COPYRIGHT REGISTRATION against all Defendants)

33. Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 32, inclusive, of the Complaint as though set forth in full.

34. Plaintiffs are informed and believe and thereon alleges that Defendants Taja Riley, the EMI Defendants, and the Sony Defendants, separately represented to the United States Copyright Office that defendant, Taja Riley was a 25% co-author and 25% co-owner of the composition "Teeth".

35. Plaintiffs are further informed and believe and thereon allege that Defendant Taja Riley, the EMI Defendants, and the Sony/ATV Defendants registered or attempted to register a copyright with the United States Copyright Office in the composition based upon such misrepresentations of fact.

36. Plaintiffs allege that any representations of authorship and/or ownership in or to the composition "Teeth" by Defendant Taja Riley are false and untrue, and thereby constituted a fraud upon the United States Copyright Office.

37. Plaintiffs further alleges that any representation of authorship and/or ownership in or to the composition "Teeth" by Defendant Taja Riley attempted to falsely attribute ownership or authorship of the composition, and further damaged Plaintiffs Teddy Riley and Adida by reducing the ownership and authorship of the composition, and attempting to vest it in Defendant, Taja Riley.

38. Plaintiffs further allege that they have suffered actual damage due to the false and untrue registration of the copyright in that royalties, payments, and monies have been paid to Defendant, Taja Riley, and the EMI Defendants, based upon the fraudulent misrepresentations which monies were properly payable to Plaintiffs.

## THIRD CAUSE OF ACTION

(Unfair Competition [Cal. Bus & Prof. Code §17200] against all Defendants)

39. Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 38, inclusive, of the Complaint as though set forth in full.

40. Plaintiffs are informed and believe and thereon allege that the Defendants, and each of them, have copied, published, distributed, performed, and sold the composition "Teeth" in infringement of Plaintiff copyright interest, and falsely attributing authorship and ownership of such composition to Taja Riley, and that the Defendants, and each of the threaten to continue to copy, publish, distribute, perform and sell such composition in the future in infringement of the Plaintiff's copyright interest and future further false attribution or authorship and ownership.

41. Plaintiff further alleges that it is an unlawful business practice to register a copyright with a false and fraudulent designation of authorship and ownership of a composition, and to copy, publish, distribute, perform and sell such composition based upon such registration.

42. Plaintiff further alleges that it is an unfair business practice to register a copyright with a false and fraudulent designation of authorship and ownership of a composition and to copy, publish, distribute, perform and sell such composition based upon such registration.

43. Plaintiffs have suffered damage due to the unlawful business practice of Defendants and each of them, and unless

-9-

Case 2:13-cv-00158-SS   Document 1   Filed 01/09/13   Page 10 of 12   Page ID #:16

retrained from continuing to act in the copying, publishing, distributing, performing, and selling of such composition, Plaintiff will continue to suffer irreparable harm and injury.

44. Plaintiffs have suffered damage due to the unfair business practice of defendants and each of them, and unless retrained from continuing to act in the copying, publishing, distributing, performing, and selling of such composition, Plaintiff will continue to suffer irreparable harm and injury.

## FOURTH CAUSE OF ACTION

(Accounting against all defendants)

45. Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 44, inclusive, of the Complaint as though set forth in full.

46. Plaintiffs allege that as a true author and owner of the copyright interest purported held by Defendant Taja Riley, that they have been deprived of monies earned and paid for the copying, publishing, distribution, and performance of The Song.

47. Plaintiffs allege that they have no way of knowing the exact amount of the monies earned and paid to Taja Riley, the EMI Defendants, and the Sony/ATV Defendants from the exploitation of The Song.

48. Plaintiffs therefore request a full and complete accounting of all monies earned and paid by and to Defendants Taja Riley, the EMI Defendants, and the Sony/ATV Defendants, from the exploitation of The Song and that the such monies represented by Plaintiffs ownership and authorship of the composition be paid immediately to Plaintiff, Teddy Riley.

-10-

**COMPLAINT**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

On The First Cause of Action:

1. For a judicial determination and order that Plaintiffs copyright has been infringed upon by Defendants;
2. For an order that Defendants account for and pay to Plaintiff for all damages sustained by Plaintiff from the infringement of his copyright interest;
3. For an enhanced award of statutory damages in accordance with 17 U.S.C. § 504(c)(2) due to Defendants willful conduct.
4. For an award of attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

On The Second Cause of Action:

5. For an order rescinding, revoking, and invalidating the Registration of the copyright in the composition Teeth to extent such registration claims Taja Riley as author and/or owner of any portion of the composition;
6. For attorney's fees for the necessity of instituting this action;

On The Third Cause of Action:

7. For an order requiring Defendants, and each of them, to show cause, if any, why they should not be enjoined as set forth below during the pendency of the action;
8. For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining defendants, and each of them from further copying,

-11-

**COMPLAINT**

publishing, distributing, and performing such composition;

On The Fourth Cause of Action:

9. For an accounting of all monies earned from the exploitation of The Song "Teeth" by the defendants, and each of them;

On All Causes of Action:

10. For attorney's fees incurred according to proof;
11. For all costs incurred;
12. For such further and other relief as the court may deem proper.

Dated: January 7, 2013

LAW OFFICES OF
HARRY E. DOUGLAS IV

By: _____
Harry E. Douglas IV, Esq.
Attorneys for Plaintiffs